Official Form 6 - Summary of Schedules (10/06) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re **Dav J Mizrachi and Jacqueline Mizrachi**

Case No. *06-10418*

Chapter *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $ *200,000.00* | | |
| B-Personal Property | *Yes* | *3* | $ *6,745.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $ *98,785.00* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *2* | | $ *63,467.77* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *4* | | $ *68,501.00* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *2* | | | $ *14,566.44* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $ *13,382.13* |
| TOTAL | | *18* | $ *206,745.00* | $ *230,753.77* | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re *Dav J Mizrachi and Jacqueline Mizrachi*

Case No. *06-10418*

Chapter *13*

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

### This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ *63,467.77* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *50,922.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *114,389.80* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ *14,566.44* |
| Average Expenses (from Schedule J, Line 18) | $ *13,382.13* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *3,150.00* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *0.00* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *63,467.77* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *68,501.00* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *68,501.00* |

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.  You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

## 1.  Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.  The clerk also has a list of approved financial management instructional courses.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)
1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years

or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

      3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

      **Chapter 11:**  **Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**
      Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

      **Chapter 12:**  **Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
      Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.**  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

      A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**Certificate of Attorney**

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code

Perry O'Brian
_____            _____
      42 Columbia St.                                                        Date
Address:
_____
      Bangor , ME   04401

X  /s/ Perry O'Brian
_____
Signature of Attorney

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Dav J Mizrachi and Jacqueline Mizrachi                        X  /s/ Dav J Mizrachi
_____                        _____
Printed Name(s) of Debtor(s)                                        Signature of Debtor                    Date

Case No. (if known) 06-10418                                    X  /s/ Jacqueline Mizrachi
_____                        _____
                                                                                Signature of Joint Debtor (if any)      Date

FORM B6A (10/05) West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_____/ Debtor    Case No._06-10418_____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _Primary Residence At 26 Coombs Street, Bangor, Me 04401 (Property was purchased by the Debtors in 10/04 for $145,000.00.)_ | _Fee Simple_ | _J_ | _$ 200,000.00_ | _$ 98,785.00_ |
| | | | | |
| | **TOTAL $** **(Report also on Summary of Schedules.)** | | _200,000.00_ | |

No continuation sheets attached

FORM B6B (10/05) West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_ _____ / Debtor    Case No. _06-10418_

(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | _Cash On Hand_<br>_Location: In debtor's possession_ | J | $ 50.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _Checking Account @ Bank of America_<br>_(Jacqueline's account)_ | | $ 200.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | _Computer Equipment (2 laptops, 1 desktop)_<br>_Location: In debtor's possession_ | | $ 800.00 |
| | | _Furniture/Furnishings_<br>_Location: In debtor's possession_ | | $ 1,000.00 |
| | | _Household Tools/Equipment (hand tools)_<br>_Location: In debtor's possession_ | | $ 50.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | _Clothing/Wearing apparel_<br>_Location: In debtor's possession_ | | $ 800.00 |
| 7.  Furs and jewelry. | | _Jewelry (wedding bands,1 ring, costume jewelry)_<br>_Location: In debtor's possession_ | | $ 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | _Firearms (Keltec P11 9mm hand gun)_<br>_Location: In debtor's possession_ | | $ 250.00 |

FORM B6B (10/05) West Group, Rochester, NY

In re **Dav J Mizrachi and Jacqueline Mizrachi**　　　　　　　　 / Debtor　　　 Case No. **06-10418**

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles. | | *1996 Chrysler Town & Country Mini Van (mileage 177,000, good condition)* | | $ 3,095.00 |

Page ___2___ of ___3___

FORM B6B (10/05) West Group, Rochester, NY

In re **Dav J Mizrachi and Jacqueline Mizrachi**                    / Debtor          Case No. **06-10418**

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| | | *Location: In debtor's possession* | | | |
| 26. Boats, motors, and accessories. | X | | | | |
| 27. Aircraft and accessories. | X | | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | | |
| 30. Inventory. | X | | | | |
| 31. Animals. | X | | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | | |
| 33. Farming equipment and implements. | X | | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | | |

Page   3   of   3

**Total** ➡                    **$ 6,745.00**

**(Report total also on Summary of Schedules.)**
**Include amounts from any continuation sheets attached.**

FORM B6C (10/05) West Group, Rochester, NY

In re *Dav J Mizrachi and Jacqueline Mizrachi*_____ / Debtor      Case No. *06-10418*_____

(if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds $125,000.

(Check one box)

☐ 11 U.S.C. § 522(b) (2):

☒ 11 U.S.C. § 522(b) (3):

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *Primary Residence At 26 Coombs Street, Bangor, Me 04401* | *Fl. Const.Art. 10 §4(a)(1), FSA §§222.01, 222.02, 222.05* | $ 101,215.00 | $ 200,000.00 |
| *Cash On Hand* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 0.00 | $ 50.00 |
| *Checking Account @ Bank of America* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 0.00 | $ 200.00 |
| *Computer Equipment* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 200.00 | $ 800.00 |
| *Furniture/Furnishings* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 1,000.00 | $ 1,000.00 |
| *Household Tools/Equipment* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 50.00 | $ 50.00 |
| *Clothing/Wearing apparel* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 0.00 | $ 800.00 |
| *Jewelry* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 500.00 | $ 500.00 |
| *Firearms* | *Fl Const. Art. 10 §4(a)(2), FSA §222.061* | $ 250.00 | $ 250.00 |
| *1996 Chrysler Town & Country Mini Van* | *Fl. Stat. Ann. §222.25(1)* | $ 2,000.00 | $ 3,095.00 |

Page No. __1__ of __1__

**Official Form 6D (10/06)**   West Group, Rochester, NY

**In re** _Dav J Mizrachi and Jacqueline Mizrachi_ _____,    **Case No.** _06-10418_ _____
                            **Debtor(s)**                                                    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *6416*<br><br>*Creditor # : 1*<br>*Option One Mortgage*<br>*3 ADA*<br>*Irvine CA 92618-2304* | J | *primary residence @ 26 Coombs St,Bangor , Me 04401*<br><br>Value: *$ 200,000.00* | | | | *$ 98,785.00* | *$ 0.00* |
| Account No: *6416*<br><br>*Representing:*<br>*Option One Mortgage* | | *Option One Mortgage*<br>*6501 Irvine Center Dr*<br>*Irvine  CA 92618*<br><br>Value: | | | | | |
| Account No: *6416*<br><br>*Representing:*<br>*Option One Mortgage* | | *David A. Dunlavey, Esq.*<br>*PO Box 1087*<br>*Presque Isle ME 04769-1087*<br><br>Value: | | | | | |

1  continuation sheets attached

                        **Subtotal $**        *$ 98,785.00*        *$ 0.00*
                  (Total of this page)
                          **Total $**
                (Use only on last page)

(Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

Official Form 6D (10/06)  - Cont. West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_ ,    Case No. _06-10418_
      **Debtor(s)**                                              (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *6416* <br><br> *Representing:* <br> *Option One Mortgage* | | *Deutsche Bank National Trust Option One Mortgage 3 Ada Irvine CA 92816* <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors
Holding Secured Claims

Subtotal $ (Total of this page)  $ 0.00  $ 0.00

Total $ (Use only on last page)  $ 98,785.00  $ 0.00

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

Official Form 6 E (10/06) West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_ ,    Case No. _06-10418_
        **Debtor(s)**                                                                                  (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112.  If a "minor child" is stated, also include the name, address and legal relationship to the minor child of a person described in  Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_    **continuation sheets attached**

Official Form 6E (10/06) - Cont. West Group, Rochester, NY

In re <u>Dav J Mizrachi and Jacqueline Mizrachi</u> ,    Case No. <u>06-10418</u>

               **Debtor(s)**    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet: *Taxes and Certain Other Debts Owed to Governmental Units*

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred and Consideration for Claim | | | H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account No: *Creditor # : 1 Internal Revenue Service PO Box 21126 Philadelphia PA 19114* | J | *Tax debt* | | | | | | | $ 63,467.77 | $ 63,467.77 | $ 0.00 |
| Account No: *Representing: Internal Revenue Service* | | *Internal Revenue Service 68 Sewall Street, Room 311 Augusta ME 04330-6382* | | | | | | | | | |
| Account No: *Representing: Internal Revenue Service* | | *Office of the US Attorney 202 Harlow Street, Suite 111 Bangor ME 04401* | | | | | | | | | |
| Account No: | | | | | | | | | | | |
| Account No: | | | | | | | | | | | |
| Account No: | | | | | | | | | | | |

Sheet No. <u>1</u> of <u>1</u> continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Amount of Claim | Amount Entitled to Priority | Amount not Entitled |
|---|---|---|---|
| **Subtotal $** (Total of this page) | 63,467.77 | 63,467.77 | 0.00 |
| **Total $** (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | 63,467.77 | | |
| **Total $** (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | 63,467.77 | 0.00 |

**Official Form 6F (10/06)** West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_ ,                    Case No. _06-10418_
                    **Debtor(s)**                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: **5483**<br>**Creditor # : 1**<br>**Affiliated Collections**<br>**PO Box 1154**<br>**Bangor ME 04402-1154** | | J | **Medical Bills** | | | | **$ 493.00** |
| Account No:<br>**Creditor # : 2**<br>**Bay Country Consumer Financial**<br>**6619 Ritchie  Hwy Ste 13**<br>**Glen Burnie MD 21061-6401** | | J | **Reposession** | | | | **$ 9,463.00** |
| Account No: **1827**<br>**Creditor # : 3**<br>**Capital One**<br>**Attn Bankruptcy Dept**<br>**PO Box 30285**<br>**SLC UT 84130-0285** | | J | **Credit Card** | | | | **$ 1,124.00** |
| Account No: **1827**<br>**Representing:**<br>**Capital One** | | | **Capital One**<br>**PO Box 85520**<br>**Internal Zip 12030-163**<br>**Richmond  VA 23285-5520** | | | | |

_3_ continuation sheets attached

Subtotal $  **$ 11,080.00**

Total $ 

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_____ ,      Case No. _06-10418_____
          **Debtor(s)**                                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 1827 Representing: Capital One | | | Capital One Bank PO Box 85015 Richmond  VA 23285 | | | | |
| Account No: 1827 Representing: Capital One | | | Capital One Services 15000 Capital One Richmond  VA 23238-1119 | | | | |
| Account No: 3894 Creditor # : 4 NCO - Medclear , Inc 507 Prudential Road Horsham PA 19044-2308 | | J | Medical Bills | | | | $ 112.00 |
| Account No: 3894 Representing: NCO - Medclear , Inc | | | NCO - Medclear PO Box 41448 Philadelphia PA 19101 | | | | |
| Account No: 3895 Creditor # : 5 NCO - Medclear Inc 507 Prudential Road Horsham PA 19044-2308 | | J | Medical Bills | | | | $ 179.00 |
| Account No: 3895 Representing: NCO - Medclear Inc | | | NCO - Medclear PO Box 41448 Philadelphia PA 19101 | | | | |

Sheet No. _1_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     $ 291.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_____,      Case No. _06-10418_____
                  **Debtor(s)**                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: | | J | Credit Card | | | | $ 1,254.00 |
| Creditor # : 6 NCO Financial Systems 507 Prudential Road Horsham PA 19044-2308 | | | | | | | |
| Account No: | | | NCO Financial Systems PO Box 7216 Philadelphia PA 19101 | | | | |
| Representing: NCO Financial Systems | | | | | | | |
| Account No: | | J | Credit Card | | | | $ 1,464.00 |
| Creditor # : 7 Providian Financial PO Box 9180 Pleasanton CA 94566 | | | | | | | |
| Account No: | | | Providian Financial PO Box 9176 Pleasanton CA 94566-9176 | | | | |
| Representing: Providian Financial | | | | | | | |
| Account No:    2649 | | J | Medical Bills | | | | $ 74.00 |
| Creditor # : 8 The Thomas Agency 4 Union Street Ste 22 Bangor Maine 04401 | | | | | | | |
| Account No:    2649 | | | TheThomas Agency 561 Forest Ave Portland ME 04101-1504 | | | | |
| Representing: The Thomas Agency | | | | | | | |
| | | | | | | | |

Sheet No.  **2** of    **3** continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ ......... $ 2,792.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Dav J Mizrachi and Jacqueline Mizrachi_____,     Case No._06-10418_____
        **Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: | | J | | | | | $ 50,922.00 |
| Creditor # : 9 US Department of Education 101 Marietta Tower Ste 423 Atlanta GA 30323-0001 | | | Student Loan | | | | |
| Account No: Representing: US Department of Education | | | US Department of Education PO Box 5609 Greenville TX 75403-5609 | | | | |
| Account No: Representing: US Department of Education | | | Office of the US Attorney 202 Harlow Street, First Floor Bangor ME 04401 | | | | |
| Account No: Creditor # : 10 Wachovia Bank Of DE PO Box 3117 Winston-Salem NC 27102-3117 | | J | Credit Card | | | | $ 3,416.00 |
| Account No: Representing: Wachovia Bank Of DE | | | First Union Recovery PO Box 3117 Winston-Salem NC 27102-3117 | | | | |
| Account No: | | | | | | | |

Sheet No. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $  $ 54,338.00

Total $  $ 68,501.00

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

In re _Dav J Mizrachi and Jacqueline Mizrachi_ _____ / Debtor    Case No. _06-10418_

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "minor child" and do not disclose the child's name. See 11 U.S.C 112 Fed.R.Bankr.P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _William E. Bolduc, Jr._<br>_21 Sandy Beach Road_<br>_Glenburn ME  04401_ | Contract Type: _Lease/Purchase Agreement_<br>Terms: _$2,000 per month_<br>Beginning date: _9/12/2006_<br>Debtor's Interest: _Lessee/Purchaser_<br>Description: _Lease and purchase of Maine Taxi_<br><br>Buyout Option: _$58,900_ |

FORM B6H (10/05) West Group, Rochester, NY

In re *Dav J Mizrachi and Jacqueline Mizrachi* _____ / Debtor   Case No. *06-10418*

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California Idaho, Louisiana, Nevada, New Mexico, Puerto Rico Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the childs name. See 11 U.S.C 112 ; Fed.Bankr.P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

Official Form 6I (10/06) West Group, Rochester, NY

**In re** *Dav J Mizrachi and Jacqueline Mizrachi* _____ , **Case No.** *06-10418* _____
                                    **Debtor(s)**                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: *Married* | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | *wife* | *41* |
| | *daughter* | *16* |
| | *daughter* | *16* |
| | *daughter* | *9* |
| | *daughter* | *5* |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Owner/Operator* | *Unemployed* |
| Name of Employer | *Maine Taxi Company* | |
| How Long Employed | *1 month* | |
| Address of Employer | *Bomarc Road* *Bangor ME  04401* | |
| Occupation | *Senior Business Broker* | *Unemployed* |
| Name of Employer | *Vested Business Brokers* | |
| How Long Employed | *11 months* | |
| Address of Employer | *50 Karl Avenue* *Suite 102* *Smithtown NY  11787-9006* | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate Monthly Overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll Taxes and Social Security | $ 0.00 | $ 0.00 |
|   b. Insurance | $ 0.00 | $ 0.00 |
|   c. Union Dues | $ 0.00 | $ 0.00 |
|   d. Other  (Specify): | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 12,566.44 | $ 0.00 |
| 8. Income from Real Property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social Security or government assistance   Specify: | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |

Official Form 6I (10/06) West Group, Rochester, NY

In re *Dav J Mizrachi and Jacqueline Mizrachi* _____ ,    Case No. *06-10418* _____
_____ **Debtor(s)**    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| INCOME: (Estimate of average or projected monthly income at time case filed)    (continued) | DEBTOR | SPOUSE |
|---|---|---|
| 13. Other monthly income | | |
| Specify: *Commissions* | $    *2,000.00* | $    *0.00* |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $    *14,566.44* | $    *0.00* |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $    *14,566.44* | $    *0.00* |
| 16. COMBINED AVERAGE MONTHLY INCOME:    (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $    *14,566.44* | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

*Debtor is in the process of purchasing Maine Taxi. His income should become more stable over the next few months.*

Official Form 6J (10/06) West Group, Rochester, NY

In re <u>Dav J Mizrachi and Jacqueline Mizrachi</u>,    Case No. <u>06-10418</u>

Debtor(s)    (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 0.00 |
|     a. Are real estate taxes included?    Yes ☐    No ☒ | |
|     b. Is property insurance included?    Yes ☒    No ☐ | |
| 2. Utilities: a. Electricity and heating fuel | $ 425.00 |
|     b. Water and sewer | $ 50.00 |
|     c. Telephone | $ 100.00 |
|     d. Other    *cable/internet* | $ 150.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 125.00 |
| 4. Food | $ 800.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 0.00 |
| 7. Medical and dental expenses | $ 75.00 |
| 8. Transportation (not including car payments) | $ 175.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 49.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ 0.00 |
|     b. Life | $ 0.00 |
|     c. Health | $ 0.00 |
|     d. Auto | $ 41.67 |
|     e. Other | $ 0.00 |
|     Other | $ 0.00 |
|     Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | |
| (Specify) | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ 0.00 |
|     b. Other: | $ 0.00 |
|     c. Other: | $ 0.00 |
|     d. Other: | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 11,341.46 |
| 17. Other: | $ 0.00 |
|     Other: | $ 0.00 |
|     Other: | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES   Total lines 1-17. Report also on Summary of Schedules | $ 13,382.13 |
|     and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | |
|     *See increases/decreases in income above.* | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
|     a. Average monthly income from Line 16 of Schedule I | $ 14,566.44 |
|     b. Average monthly expenses from Line 18 above | $ 13,382.13 |
|     c. Monthly net income (a. minus b.) | $ 1,184.31 |

Official Form 6, Declaration (10/06) West Group, Rochester, NY

In re *Dav J Mizrachi and Jacqueline Mizrachi*
_____
                              Debtor

Case No. *06-10418*
_____
                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____*19*_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *10/30/2006*_____        Signature */s/ Dav J Mizrachi*_____
                                                              *Dav J Mizrachi*

Date: *10/30/2006*_____        Signature */s/ Jacqueline Mizrachi*_____
                                                              *Jacqueline Mizrachi*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MAINE

In re: *Dav J Mizrachi*
*aka Yehoshua Mizrachi*
*and*
*Jacqueline Mizrachi*
*fka Jacqueline A. Ziegler*

Case No. *06-10418*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

*Year to date: $18,900.00*          *Employment*
*Last Year: $42,350.00*
*Year before: $0.00*

---

### 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

*Year to date: $0.00*          *Pensions & annuties*
*Last Year: $0.00*
*Year before: $22,173.44*

QUESTION 2 CONTINUED ...

| AMOUNT | SOURCE |
|---|---|
| *Year to date: $0.00* | *Ordinary dividends* |
| *Last Year: $0.00* | |
| *Year before: $6,167.00* | |

## 3. Payments to creditors

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

## 4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Deutsche Bank National Trust Company v. Dav and Jacqueline Mizrachi (BAN-06-RE-95)* | *Foreclosure* | *Maine District Court Bangor, ME 04401* | *Pending* |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing

under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Perry O'Brian* *Address:* *42 Columbia St.* *Bangor, ME 04401* | *Date of Payment: 10/06* *Payor: Dav J Mizrachi* | *$200.00* |
| *Payee: Institute For Financial Literacy* *Address:* *Portland, ME* | *Date of Payment: 10/06* *Payor: Dav J Mizrachi* | *$50.00* |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

☒ NONE

---

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and

share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

☒ NONE

---

## 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor: Dav & Jacqueline Mizrachi* *Address: 4888 Davis Bv., #152 Naples, FL 34104* | *Name(s): Dav & Jacqueline Mizrachi* | *8/03 to 10/04* |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

---

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

Statement of Affairs - Page 4

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

☒ NONE

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

☒ NONE

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  _10/30/2006_          Signature  _/s/ Dav J Mizrachi_
                           of Debtor

Date  _10/30/2006_          Signature  _/s/ Jacqueline Mizrachi_
                           of Joint Debtor
                           (if any)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re    *Dav J Mizrachi*
    *aka Yehoshua Mizrachi*
        *and*
    *Jacqueline Mizrachi*
    *fka Jacqueline A. Ziegler*

Case No. *06-10418*
Chapter  *13*

_____ / Debtor

Attorney for Debtor:    *Perry O'Brian*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *2,000.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____ *200.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *1,800.00*

3. $_____*274.00*_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

   *The attorney fee does not include services for audits by the US Trustee's Office, motions under 707(b) or any adversary matters.*

Dated: *10/30/2006*                    Respectfully submitted,


X *_/s/ Perry O'Brian_____*
Attorney for Petitioner: *Perry O'Brian*
                        *Perry O'Brian*
                        *42 Columbia St.*
                        *Bangor ME   04401*

Official Form 22C (Chapter 13) (10/06)

In re   Dav J Mizrachi
_____
Debtor(s)

Case number:   06-10418
_____
(If known)

| According to the calculations required by this statement: |
|---|
| ☒ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ **Disposable income is determined under § 1325(b)(3).** |
| ☒ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly.
Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> b. ☒ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10.** | | | |
| 1 | All figures must reflect average monthly income recieved from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | | **Column A Debtor's Income** | **Column B Spouse's Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $3,150.00 | $0.00 |
| 3 | **Income from the operation of a business, profession, or farm.**    Subtract Line b from Line a and enter the difference in the appropriate column(s) Line 3. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| 3 | | a. | Gross receipts | $0.00 | | |
| 3 | | b. | Ordinary and necessary business expenses | $0.00 | | |
| 3 | | c. | Business income | Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.**    Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.    **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
| 4 | | a. | Gross receipts | $0.00 | | |
| 4 | | b. | Ordinary and necessary operating expenses | $0.00 | | |
| 4 | | c. | Rent and other real property income | Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse. | | $0.00 | $0.00 |
| 8 | **Unemployment compensation.**    Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $0.00 _____    Spouse $0.00 _____ | | $0.00 | $0.00 |

Official Form 22C (Chapter 13) (10/06)   - Cont.                                                                2

| | | | | |
|---|---|---|---|---|
| 9 | **Income from all other sources.**   Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9.   **Do not include**  any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| | a. | | 0 | |
| | b. | | 0 | |
| | | | $0.00 | $0.00 |
| 10 | **Subtotal.**  Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $3,150.00 | $0.00 |
| 11 | **Total.**  If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $3,150.00 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | Enter the amount from Line 11. | $3,150.00 |
| 13 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero. | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $3,150.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).**   Multiply the amount from Line 14 by the number 12 and enter the result. | $37,800.00 |
| 16 | **Applicable median family income.**   Enter the median family income for applicable state and household size. (This information is available by family size at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:  __MAINE__   b. Enter debtor's household size:  ____6____ | $77,406.00 |
| 17 | **Application of § 1325(b)(4).**   Check the applicable box and proceed as directed. <br> ☒ **The amount on Line 15 is less than the amount on Line 16.**   Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br> ☐ **The amount on Line 15 is not less than the amount on Line 16.**   Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | Enter the amount from Line 11. | $3,150.00 |
| 19 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. If you are unmarried  or married and filing jointly with your spouse, enter zero. | $0.00 |
| 20 | **Current monthly income for § 1325(b)(3).**   Subtract Line 19 from Line 18 and enter the result. | $3,150.00 |
| 21 | **Annualized current monthly income for § 1325(b)(3).**   Multiply the amount from Line 20 by the number 12 and enter the result. | $37,800.00 |
| 22 | **Applicable median family income.**   Enter the amount from Line 16. | $77,406.00 |
| 23 | **Application of § 1325(b)(3).**   Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 21 is more than the amount on Line 22.**   Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement <br> ☒ **The amount on Line 21 is not more than the amount on Line 22.**   Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

Official Form 22C (Chapter 13) (10/06)   - Cont.                                                                 3

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | $ |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.**   Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court). | $ |

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**   Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.   **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rental Expense | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 26 | **Local Standards: housing and utilities; adjustment.**   If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.   ☒ 0   ☐ 1   ☐ 2 or more. <br><br> Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | $ |

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**   Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1   ☐ 2 or more. <br><br> Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.   **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, First Car | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.**   Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.   **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

Official Form 22C (Chapter 13) (10/06)   - Cont.   4

| 30 | **Other Necessary Expenses: taxes.**   Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.   **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: mandatory payroll deductions.**   Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.   **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.**   Enter average monthly premiums that you actually pay for term life insurance for yourself.   **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.**   Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.   **Do not include payments on past due support obligations included in Line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**   Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 35 | **Other Necessary Expenses: childcare.**   Enter the average monthly amount that you actually expend on childcare -- such as baby-sitting, day care, nursery and preschool.   **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.**   Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.   **Do not include payments for health insurance listed or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.**   Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service -- such as cell phones, pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents.   **Do not include any amount previously deducted.** | $ |
| 38 | **Total Expenses Allowed under IRS Standards.**   Enter the total of Lines 24 through 37. | $ |

## Subpart B: Additional Expense Deductions under § 707(b)
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**   List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories:

| a. | Health Insurance | $ |
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |
| | | Total: Add Lines a, b, and c | | $ |
| 40 | **Continued contributions to the care of household or family members.**   Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.   **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.**   Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.**   Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.   **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.**   Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age.   **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.**   Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)   **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |

Official Form 22C (Chapter 13) (10/06)   - Cont.                                                                                      5

| 45 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).**   Enter the total of Lines 39 through 45. | $ |

### Subpart C: Deductions for Debt Payment

<table>
<tr><td rowspan="8">47</td><td colspan="2"><strong>Future payments on secured claims.</strong>   For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page.</td><td rowspan="8"></td></tr>
<tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>60-month Average Payment</td></tr>
</table>

| 47 | | Name of Creditor | Property Securing the Debt | 60-month Average Payment | |
|---|---|---|---|---|---|
| | a. | | | $ | |
| | b. | | | $ | |
| | c. | | | $ | |
| | d. | | | $ | |
| | e. | | | $ | |
| | | | | Total: Add Lines a - e | $ |

| 48 | **Other payments on secured claims.**   If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain the possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|
| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | d. | | $ |
| | e. | | $ |
| | | | Total: Add Lines a - e |

(Line 48 total: $ )

| 49 | **Payments on priority claims.**   Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |

| 50 | **Chapter 13 administrative expenses.**   Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) | x  $ |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 51 | **Total Deductions for Debt Payment.**   Enter the total of Lines 47 through 50. | $ |

### Subpart D: Total Deductions Allowed under § 707(b)(2)

| 52 | **Total of all deductions allowed under § 707(b)(2).**   Enter the total of Lines 38, 46, and 51. | $ |

### Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.**   Enter the amount from Line 20. | $ |
| 54 | **Support income.**   Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.**   Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |

**Official Form 22C (Chapter 13) (10/06)    - Cont.**    6

| 56 | **Total of all deductions allowed under § 707(b)(2).**    Enter the amount from Line 52. | |
|----|---|---|
| 57 | **Total adjustments to determine disposable income.**    Add the amounts on Lines 54, 55, and 56 and enter the result. | $ |
| 58 | **Monthly Disposable Income Under § 1325(b)(2).**    Subtract Line 57 from Line 53 and enter the result. | $ |

| Part VI: ADDITIONAL EXPENSE CLAIMS | | |
|---|---|---|
| 59 | **Other Expenses.**    List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

| Part VII: VERIFICATION | |
|---|---|
| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct.    *(If this a joint case, both debtors must sign.)*<br><br>Date:  10/30/06            Signature:  */s/ Dav J Mizrachi*<br>                                                    (Debtor)<br>Date:  10/30/06            Signature:  */s/ Jacqueline Mizrachi*<br>                                                    (Joint Debtor, if any ) |

# LEASE/PURCHASE AGREEMENT

This Agreement is entered into between Yehoshua Mizrachi, residing at 26 Coombs Street, Bangor, Maine ("Buyer"), and William E. Bolduc, Jr., residing at 21 Sandy Beach Road, Glenburn Maine ("Seller").

AGREEMENT: Seller agrees to lease the business MAINE TAXI, currently conducting business at 28 Bomarc Road, Bangor, Maine, and all the assets of MAINE TAXI, to the Buyer, under the following terms and conditions:

1.) Buyer agrees to pay Seller $1,100 within 72 hours of signing this agreement.
2.) Buyer agrees to pay a monthly lease in the amount of $2,000 to Seller. The first payment is due one (1) calendar month from the signing of this agreement, and is to be paid monthly thereafter.
3.) Buyer agrees to execute a service contract for the repair and maintenance of the taxi fleet with Apex Automotive Service, a separate business owned by the Seller. The monthly charge for the service contract will be $150 per month for each car in the fleet.
4.) Buyer agrees to pay all operating expenses directly related to Maine Taxi. This includes, but is not limited to: driver compensation, repairs, towing, insurance premiums, communications fees, licenses and inspections.
5.) For the term of this agreement, Buyer agrees to maintain current business practices and operating methods set in place by the Seller, in order to ensure responsible and profitable operation. Any substantive changes to business practices and operating methods must first be approved by Seller.
6.) Upon request, Buyer agrees to furnish the Seller with all business documents and records for the purpose of determining if the Buyer is operating Maine Taxi in a responsible and profitable fashion.
7.) For the term of this agreement, all substantial assets of Maine Taxi will remain in the ownership of the Seller, until such time as the Purchase & Sale Agreement is executed between the parties.
8.) Buyer agrees to purchase Maine Taxi for $58,900, at the time of or before the term of this agreement expires. Terms of the Sale are as follows: Buyer agrees to pay Seller $30,000 upon the execution of a Purchase & Sale Agreement, and to pay the balance of the purchase price in full within the twelve (12) months following the execution of the Purchase & Sale Agreement. Outstanding balance due will accrue interest at a rate of 8% per annum. Buyer further agrees to pay Seller $2,000/month after closing. These payments are to be deducted from the outstanding balance.

In consideration of the terms set forth above, Seller grants the Buyer all the rights and privileges normally associated with the owner of Maine Taxi.

DEFAULT: Buyer and Seller agree to a grace period of five business days for lease payments and service contract premiums. If the Buyer fails to pay the lease amount or the service contract premium within the grace period, this agreement will be deemed to have been breached. Upon 24 hours notice, ownership will automatically revert to Seller with no additional action required on the part of the Seller.

SELLER SUPPORT: Seller agrees to provide consultative support to the Buyer for the term of this agreement.

TERM: The term of this agreement is six (6) months from the date of execution of this agreement.

AGREED AND ACCEPTED on the 12 of September, 2006, by

_William E. Bolduc, Jr._
"Seller"

_Yehoshua Mizrachi_
"Buyer"

Addendum: Any unused portion of the service contract premium will carry over to future months. Conversely, any service or repairs that exceed $150/mo/car, plus any available credits, will be paid by the buyer.

## Maine Taxi – Purchase Offer

This offer is based upon the following analysis:

Average meter = $120/day
Gross profit = $60 x 4 cars – $240/day
$240/day x 7 days = $1,680/week
$1680/week x 52 weeks – $87,360/year Gross profit

| | |
|---|---:|
| Gross Profit = | $87,360 |
| Less fixed expenses (insurance, comms, lic, maintenance) = = | $26,000 |
| | $61,360 |
| Less payment to sellers = = | $18,000 |
| | $43,360 |
| Less retained earnings = = | $ 7,360 |
| Net profit before owner compensation and taxes | $36,000 |

# MAINE TAXI
*Interim P & L: Sept 12, 2006 through October 12, 2006*

## Gross Sales

| | | |
|---|---|---|
| Vouchers | $ 2,962.06 | |
| Cash | $ 9,542.98 | |
| Other | $ 61.40 | Charles Inn Credit |
| **Total Revenues** | **$ 12,566.44** | |

| | | |
|---|---|---|
| Contract Labor | $ 7,040.71 | |
| Contract Labor (%) | 56.0% | |
| **Gross Profit** | **$ 5,525.73** | |

### Cash Outlays

| | | |
|---|---|---|
| Business Insurance | $ 881.68 | |
| Advertising | $ 141.00 | BDN |
| Telephone | $ - | |
| Business Cell Phones | $ - | |
| Fluids | $ 54.66 | |
| Gas | $ 65.00 | fuel shortage reimbursements |
| Parts | $ 274.74 | Tires for Car #7, Car #5 |
| Supplies | $ 7.33 | |
| Printing | $ - | |
| Misc. | | |
|     Airport Decals | $ 30.00 | |
|     Car #9: | | |
|     State Inspection | $ 40.00 | |
|     Registration | $ 75.50 | |
|     Excise Tax | $ 77.68 | |
|     City Inspection | $ 20.00 | |
|     City Sticker | $ 80.00 | |
| **Total Cash Outlays** | **$ 1,747.59** | |
| **Net Profit (Cash)** | **$ 754.68** | |

### Voucher Offsets

| | | |
|---|---|---|
| Lease Payment | $ 2,000.00 | |
| Repairs - Apex Automotive | | |
|     Cab #3 | 19.53 | |
|     Cab #5 | 74.56 | |
|     Cab #7 | 332.35 | |
|     Cab #9 | 126.72 | |
|     **Total Repairs** | $ 553.16 | |
| **Total Voucher Offsets** | **$ 2,553.16** | |
| **Net Profit (Voucher)** | **$ 470.30** | |

| | | |
|---|---|---|
| **Net Cash Flow** | **$ 1,224.98** | |

| | | |
|---|---|---|
| **Gross Profit** | **$ 5,525.73** | |
| **Total Expenses** | **$ 4,300.75** | |
| **Net Cash Flow** | **$ 1,224.98** | |